Miller *v.* Simms et al.

---

S. F. MILLER, Plaintiff in Error, *v.* B. F. SIMMS, SYNDIC, ET AL., Defendants in Error.

The granting of a motion for a new trial, made at the term of the trial, within the time prescribed by the rules, is within the discretion of the court, and ordinarily will not be reversed on petition in error.

An order dismissing the case without prejudice, after the new trial granted, will not be reviewed on a petition in error unless there is a bill of exceptions showing the evidence before the court upon which it acted.

*Dickson & Murdock*, for plaintiff in error.

*Scarborough & Williams*, for defendants in error.

TAFT, J. It appears from the papers in this case, which have been submitted without oral argument, that Simms had obtained a judgment against Miller, in Louisiana, in 1860–61, when it was dangerous for some people to appear in the courts of that State to defend actions; when the ordinance of secession had been voted. Miller had not dared to make his defense, as he alleges, and the judgment was rendered against him. He set up his case in his answer in this court at Special Term, and the court rendered a judg-

ment in his favor. Simms applied for a new trial on grounds stated, which seemed to the judge at Special Term sufficient to induce the opening of the judgment.

The judgment against Simms, therefore, was set aside; but the judge immediately dismissed his petition without prejudice.

The plaintiff in error is not content to let the plaintiff in the original suit escape, and he therefore complains that a new trial was granted, and that the plaintiff's petition was dismissed. He prefers to hold him in this forum, chosen by the plaintiff himself.

We are not accustomed to reverse the order of a judge granting a new trial on a motion made at the term when the trial was had and within the rules of the court. The granting of a new trial is so far within the discretion of the judge, in such cases, that it is not ordinarily a subject for proceeding in error.

As to the permitting the plaintiff to go out of court without prejudice, there is no bill of exceptions showing the evidence which had been exhibited to the court, and we do not feel called upon to review the action of the judge in the case.

We have no evidence before us to enable us to determine whether the defendant, Miller, was entitled to an injunction against Simms, to prevent him from using his Louisiana judgment. The judge made him pay all the costs and let him go. We have no means of saying that that was not right.